
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SHAWN SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>AMAREGAL, INC., d/b/a BURGER KING<br><br>    Defendant. | NO. 2:08-CV-219-J |

## Memorandum Opinion and Order

Before the Court is Plaintiff Shawn Scott's *Motion to Vacate Arbitration Award*, filed November 26, 2008. Defendant filed its response on December 16, 2008. Plaintiff prays that this Court vacate an earlier arbitration award arising from a physical altercation.

BACKGROUND

Plaintiff was an employee at a Burger King owned by Defendant Amaregal Inc. in Amarillo, Texas. Defendant is a non-subscriber pursuant to the Texas Workers Compensation Act. On February 2, 2006, Plaintiff signed an "Election to Participate in the Employee Health and Safety Program Benefit Plan of Amaregal, Inc. and Submit to Arbitration," which included an agreement to submit disputes to binding arbitration.

Plaintiff was assaulted by Sonny Guerrero, a "manager in training," employed by Defendant at the Burger King on June 8, 2006. Plaintiff suffered severe injuries as the result of the assault. Mr. Guerrero was subsequently prosecuted and convicted for the assault, and he was sentenced to 150 days in prison. Mr. Guerrero had previously been convicted of misdemeanor assault.

Plaintiff sought both medical and indemnity benefits for his injuries but was denied. Plaintiff was then terminated pursuant to the Employee Handbook for "failing to cooperate with fellow employees," "verbal or physical attacks on supervisors or co-workers," and "serious misconduct of any kind." Plaintiff brought suit against Defendant, and Defendant enforced its arbitration agreement.

Arbitration was held by Judge Carlos Lopez. Plaintiff alleged three instances of negligence against Defendant during the arbitration hearing. Plaintiff asserted that (1) Defendant negligently hired Mr. Guerrero, (2) Defendant negligently surpervised Plaintiff by not allowing Plaintiff to leave the store, and (3) Defendant negligently failed to summon police. Although not included in the arbitration brief, Plaintiff also alleged that Mr. Guerrero's actions alone were sufficient to support a judgment against Defendant.

On August 28, 2008, Judge Lopez issued a decision finding no liability against Defendant for Plaintiff's injuries. Judge Lopez found that Defendant had no duty to conduct a criminal background check on Mr. Guerrero, reasoning that a fast food restaurant manager was not in the class of jobs where an employee with a criminal history would pose a risk to the public. Judge Lopez found that Defendant had not informed his supervisor with sufficient specificity of the potential harm to give rise to liability. Judge Lopez did not address the third instance of negligence.

PLAINTIFF'S MOTION FOR VACATUR

Plaintiff prays for vacatur pursuant to 9 U.S.C.A. §10(a)(4), which provides vacutor where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Plaintiff disputes the arbitration award on the ground that the arbitrator "completely failed to address valid and

justifiable theories of liability." Plaintiff states that the arbitrator did not consider that the employees of Amaregal were negligent in failing to follow company policy and call the police when Sonny Guerrero initially became violent and threatening. Plaintiff further states that Mr. Lopez did not consider or opine concerning the argument that Mr. Guerrero's conduct itself exposed Amaregal to liability.

In his motion, Plaintiff briefly took notice of the "manifest disregard of law" and "contrary to public policy" standards of review for arbitration awards. Plaintiff did not pray for relief under either standard, nor did he provide any briefing any further than mentioning their existence. This Court will not consider either standard in its decision.

## STANDARD FOR VACATING AN ARBITRATION AWARD

Judicial review of an arbitration award is "exceedingly deferential." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004). Vacatur is available "only on very narrow grounds." *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). When reviewing the record, this Court must "defer to the arbitrator's decision when possible." *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). Plaintiff seeks vacatur under 9 U.S.C. A § 10(a)(4). Upon a motion to vacate under Section 10(a)(4), this Court must resolve any ambiguities in favor of the arbititrator. *Am. Eagle Airlines, Inc. v. Airline Pilots Ass'n*, 343 F.3d 401, 405 (5th Cir. 2003).

## DISCUSSION

Section 10(a)(4) requires the moving party to show that a "mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C.A. §10(a)(4). Plaintiff correctly states that the arbitrator did not address each of his causes of action in his opinion. However, Arbitrators do not need to give reasons for their awards. *Brabham*, 376 F. 3d at 385.

Similarly, an arbitrator is not required to address each cause of action. Judge Lopez stated that he must use "generally applied principles of legal responsibility," and "[u]nder the facts of this case, that application leads this arbitrator to the painful conclusion that Scott cannot recover from BK [Burger King] in this case." This conclusion shows that a mutual, final, and definite award was in fact made. Uncertainty about an arbitrator's reasoning cannot justify vacatur, for a court must resolve all doubts in favor of arbitration. *Id.* Further, the award is rationally inferable from the law and the facts concerning the altercation before the arbitrator.

## Conclusion

Plaintiff did not meet his burden to vacate the arbitration award. An arbitration award receives a high level of deference, and this Court will defer to the arbitrator's judgment. Plaintiff's motion to vacate the award is DENIED.

IT IS SO ORDERED.

Signed this 5th day of January, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE